# Exhibit 5

Rec'd 6/20/16
2:44 P

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2016 JUN 17 PM 4:02

P. NAKAMOTO

Of Counsel:
SUMIDA AU & WONG
A Limited Liability Law Company

KEVIN P.H. SUMIDA     2544-0
ANTHONY L. WONG      6018-0
LANCE S. AU             6244-0
STEPHEN K. ROY        6184-0
735 Bishop Street, Suite 411
Honolulu, Hawai'i 96813
Telephone No. 808-356-2600
ksumida@hawaiilaw411.com; twong@hawaiilaw411.com

Attorneys for Plaintiffs LOUIS M. KEALOHA,
KATHERINE E. KEALOHA, and
KRISTINA KEALOHA, a minor child,
by her next friend,
KATHERINE E. KEALOHA

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| LOUIS M. KEALOHA, KATHERINE E. KEALOHA, and KRISTINA KEALOHA, a minor child, by her next friend, KATHERINE E. KEALOHA,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES W. TOTTO, individually and as Executive Director and Legal Counsel of the Honolulu Ethics Commission; LETHA A.S. DECAIRES, individually and as Investigator for the Honolulu Ethics Commission; HONOLULU ETHICS COMMISSION; and THE CITY AND COUNTY OF HONOLULU,<br><br>Defendants. | CIVIL NO. 16-1-1166-6 GWBC<br><br>(Non-Motor Vehicle Tort)<br><br>VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF; EXHIBITS 1-76; DEMAND FOR JURY TRIAL; SUMMONS |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

## VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Comes now plaintiffs above named, by and through their counsel, and for complaint against the defendants above-named, allege and aver as follows:

**THE PARTIES.**

1. Plaintiffs LOUIS M. KEALOHA, KATHERINE E. KEALOHA, and KRISTINA KEALOHA are, and at relevant times were, residents of the State of Hawaii. KRISTINA KEALOHA, a minor child, brings this action by and through her next friend, KATHERINE E. KEALOHA.

2. Defendant LETHA A.S. DECAIRES ("DeCaires") is, and at all relevant times was, a resident of the State of Hawaii. Her actions which are the subject of the allegations herein took place in the State of Hawaii. All actions and failures to act alleged herein on her part were performed and/or not performed while acting as an investigator for the Honolulu Ethics Commission.

3. Defendant CHARLES W. TOTTO ("Totto") is, and at all relevant times was, a resident of the State of Hawaii. His actions which are the subject of the allegations herein took place in the State of Hawaii. All actions and failures to act alleged herein on his part were performed and/or not performed while acting as the Executive Director and Chief Legal Counsel of the Honolulu Ethics Commission.

4. Defendant THE HONOLULU ETHICS COMMISSION ("Ethics Commission") is an agency of the City and County of Honolulu, State of Hawaii.

5. The City and County of Honolulu is a municipal entity doing business in the State of Hawaii.

## OVERVIEW—CORRUPTION OF UNCHECKED POWER

6. Totto and DeCaires have, since 2013 conducted a series of unfounded, vindictive, unsubstantiated and illegal investigations of plaintiffs, at great cost to the taxpayors and to the enrichment of at least DeCaires. Their actions caused, not only significant financial loss to the taxpayers, but an immeasurable effect on the morale of the City employees and community members who have witnessed such grotesque abuses of power and process. Exhibit 3.

7. Defendants Totto and DeCaires have, by their improper and vindictive actions, damaged the operations of the Honolulu Prosecutor's Office and the Honolulu Police Department, the two entities of the City charged with enforcement of the laws of the State of Hawaii and the City and County of Honolulu and protecting their citizens. Making incessant demands upon these departments for documents and information of questionable importance or even relevance, they have repeatedly imposed unnecessary and frivolous burdens upon these departments in their futile quest to manufacture a case against plaintiffs.

8. Totto and DeCaires, charged with enforcing the ethical Standards of Conduct applicable to all City and County employees, should be held to the highest standards of ethical conduct and leadership, so that the public and County employees will be able to have trust and confidence in the integrity of those in charge of policing the ethical practices of the County's government agencies.

9. With callous disregard for the lives and reputations of others, and the demoralizing effect their vicious conduct has had on a number of County agencies and employees, both Totto and DeCaires have to date committed serious ethical, moral and

-3-

professional violations with complete impunity. These individuals have caused irreparable harm to the Honolulu Police Department, the Office of the Prosecuting Attorney, the hardworking men and women of the City and County of Honolulu, including the named plaintiffs in this matter.

10. The chaos and dissention caused by Totto and DeCaires have negatively affected two of the State of Hawaii's most significant Departments tasked with assuring Public Safety and the implementation of Justice for our entire Community. Given the level of destruction and terror caused by these flagrantly irresponsible individuals, the negative repercussions of their actions will be evident for some time.

11. Over the course of his tenure as Executive Director and Legal Counsel for the Ethics Commission, defendant Totto has had virtually unrestrained power and authority, with little or no effective oversight from the Ethics Commission, to initiate investigations, choose the targets and subjects of investigations (regardless of whether there was a factual basis therefor), control the scope and extent of such investigations, and determine when and if to charge City employees with violations of the applicable Standards of Conduct.

12. As Executive Director and chief Legal Counsel for the Ethics Commission, defendant Totto has knowingly mislead and deceived the Commissioners of the Ethics Commission, who are unpaid volunteer public spirited individuals who receive no benefit for their services other than that which derives from service to the community.

13. While such Commissioners are intended to provide oversight of the staff of the Ethics Commission, they must rely upon Totto, as Executive Director and Legal Counsel for the Ethics Commission, to properly advise them as to the applicable law

and procedures, including the laws and requirements governing the handling of investigations, and how and when notices of alleged violations of the Standards of Conduct are issued.

14. With his claim of superior knowledge of the applicable laws and procedures, his ability to control the information provided to the Commissioners, and his ability, nurtured over the years, to leak information to his friends and sycophants in the media in order to obtain a favorable news story, Totto has, over the years, effectively undermined the power and prerogatives of the Board.

15. The misapplication of the applicable laws and procedures of the Ethics Commission by defendant Totto has been so pervasive and well established as to become institutionalized and embedded in the actions and dispositions of, and by, the Ethics Commission.

16. As a result, the processes and procedures of the Ethics Commission have been corrupted so that the instigation, handling, and dispositions of Ethics Commission investigations and prosecutions have for years been conducted in violation of the law, and in violation of required due process and proper procedures.

17. Besotted by unchecked power, Totto abused his position to help himself and his friends and allies, punish his enemies and those who would not comply with his demands, exempt himself from the standards of conduct applicable to all other city employees, and terrorize city employees by way of disparate and inconsistent application of the Standards of Conduct.

18. Totto's inconsistent and arbitrary application of the ethical standards violated, not only the very ethical standard he was required to enforce (such as RCH §

11-104) but other applicable laws and published opinions of the Ethics Commission of which he was its Executive Director and Legal Counsel.

19. Examples of Totto helping his friends and allies include:

**Whitewash of Questionable Conduct at the Board of Water Supply, and Witness Intimidation.**

20. In advisory opinion number 2014-1, the Ethics Commission was asked to review potential ethical violations by Brian McKee, who was employed by the Board of Water Supply as its Chief Information Officer until May, 2011, and whose responsibility included creating and implementing plan to modernize business systems of the Board of Water Supply ("BWS"). Exhibits 6-22 pertain to the following allegations.

21. McKee formed UTC-10 Consulting, LLC and as lead consultant in a consortium, successfully bid on a $1.5 million Water Master Plan contract. After a "review" by Ethics Commission "staff," comprised of defendant Totto, no evidence of ethical misconduct was found despite the following:

> a) McKee was undoubtedly involved in creating the specifications for the bids and had admittedly been "Instrumental in providing an initial 'road map' for IT modernization," and had inside information as to the strengths and vulnerabilities of the information systems at the BWS;
>
> b) UTC-10 was created in January, 2011, shortly before McKee left the employ of BWS;
>
> c) On information and belief, once it awarded the contract to McKee, the BWS effectively would pay McKee, through his newly formed company, $1.5 million for work which McKee would have performed as an employee of the BWS as a salaried employee being paid $147,576.

118. As a result of Totto's negligent or intentional failures, Totto has effectively damaged plaintiff's prospective business opportunities and caused damage to plaintiffs.

**OTHER DAMAGES AND CLAIMS**

119. Defendants intentionally and/or negligently inflicted emotional distress upon plaintiffs.

120. Defendants' actions have been outrageous and beyond the bounds of human decency.

121. As a result of the defendants' actions, plaintiffs have been damaged in professional and personal reputations

122. As a result of the defendants' actions, plaintiff Louis Kealoha suffered damage to his command.

123. As a result of the defendants' actions, plaintiff Louis Kealoha suffered damage to his prospective economic opportunities.

124. As a result of the defendants' actions, plaintiff Katherine Kealoha' has been damaged in her ability to perform her job.

125. As a result of the defendants' actions, Katherine Kealoha suffered damage to her prospective economic opportunities.

126. As a result of the defendants' actions, the minor plaintiff has been damaged in her ability to study and perform effectively at school. She has been taunted, bullied and humiliated by her schoolmates following the leaks and false information propagated by defendants.

127. As a result of the defendants' actions, the minor plaintiff suffered damage to her prospective economic opportunities.

128. The false statements made by defendants were defamatory and defamatory per se.

129. Plaintiffs have been damaged by the actions of defendants, including:

    a) Bodily injury

    b) Emotional Distress

    c) Economic damage

    d) Loss of economic opportunity

    e) Loss of future educational and economic opportunity (child)

    f) Attorney's fees and costs

    g) Other damages to be proven.

108. Defendants wrongfully, willfully and/or negligently performed their investigation, subjecting them to liability under *Tseu, State ex rel. Hobbs v. Jeyte*, 88 Hawai'i 85, 962 P.2d 344 (1998).

109. Defendants caused plaintiffs to be damaged by the negligent hiring/re-hiring and employment/continued employment of Totto and DeCaires.

110. Furthermore, by their wrongful actions, Totto and DeCaires caused plaintiffs to be embroiled in litigation and/or adverse actions with other state and federal agencies, entitling plaintiffs to relief, including relief under *Uyemura v. Wick*, 551 P.2d 171 (1976).

WHEREFOR, Plaintiffs pray as follows:

A. For an award of general and special damages, jointly and severally, against each defendant;

B.   For a substantial award of punitive damages consistent with the outrageous, reckless, and intentional conduct of the defendants.

C.   For an award of their attorney's fees and costs;

D.   For Declaratory relief, determining that the process and procedures of the Ethics Commission in instigating investigations and prosecuting violations of the Standards of Conduct are in violation of the law, and to determine the proper procedures as described in the applicable statutes and rules;

E.   For injunctive relief, requiring the Ethics Commission and defendants to comply with the law and the required procedures for instituting investigations and prosecuting violations of the Standards of Conduct;

F.   For such other and further relief as to this Court seems just and proper.

DATED:   HONOLULU, HAWAII,   June 16 2016.

_____
KEVIN P. H. SUMIDA
ANTHONY L. WONG
LANCE S. AU
STEPHEN K. ROY
Attorneys for Plaintiffs

## VERIFICATION

STATE OF HAWAII            )
                           : SS.
CITY AND COUNTY OF HONOLULU )

KATHERINE E. KEALOHA, being first duly sworn, on oath, deposes and says that she is the plaintiff named above, that she has read contents of the Verified Complaint, and its exhibits, and that the same are true and correct to the best of her knowledge and belief.

_____
KATHERINE E. KEALOHA

Subscribed and sworn to before me
this 16th day of June, 2016.

_____
Notary Public, State of Hawaii

Kristine H. Nekomoto
Printed Name

My commission expires: 4/9/14 2018

| Doc. Date: 6/16/16 | # Pages: 1,114 |
|---|---|
| Name: KRISTINE H. NEKOMOTO | First Circuit |
| Doc Description: Verified Complaint for Damages, Declaratory & Injunctive Relief | |
| Signature                    Date 6/16/16 | |
| NOTARY CERTIFICATION | |

-44-