# Exhibit 17

POLICE COMMISSION
## CITY AND COUNTY OF HONOLULU
ALI'I PLACE
1060 RICHARDS STREET, SUITE 170
HONOLULU, HAWAII 96813 · AREA CODE (808) 723-7580

KIRK CALDWELL
MAYOR




MAX J. SWORD
Chair

OUR REFERENCE

January 13, 2017

CHA THOMPSON
Vice-Chair

LUELLA T. COSTALES
EDDIE FLORES
STEVEN H LEVINSON
LORETTA A. SHEEHAN
MARC C. TILKER

The Honorable Ron Menor
Chair and Presiding Officer
Honolulu City Council
City and County of Honolulu
530 South King Street, Room 202
Honolulu, Hawaii 96813

Dear Chair Menor:

Thank you for your letter dated January 12, 2017, in which you requested, on behalf of the Honolulu City Council, a briefing from the Honolulu Police Commission about the retirement of Honolulu Police Chief Louis Kealoha prior to any vote by the Commission on any proposed retirement agreement.

The Commission must respectfully decline the request.

The Commission takes its responsibilities under the Revised Charter of Honolulu very seriously. Those responsibilities include the appointment, evaluation and, if appropriate, the removal of the chief of police. As the appointing authority for the chief of police, the Commission's discussions and actions with regard to the performance of the chief of police is a personnel matter. As such, Hawaii Revised Statutes (HRS), Section 92-5 titled, "Exceptions," provides:

> (a) A board may hold a meeting closed to the public pursuant to section 92-4 for one or more of the following purposes: ... (2) To consider the hire, evaluation, dismissal, or discipline of an officer or employee or of charges brought against the officer or employee, where consideration of matters affecting privacy will be involved; provided that if the individual concerned requests an open meeting, an open meeting shall be held; . . . .

Based on that statute, the personnel matters described in subsection (2) are "matters affecting privacy," and only the individual (employee) concerned may request an open meeting. Therefore, without the consent of Chief Kealoha, the Commission cannot discuss this personnel matter in open session.

The Honorable Ron Menor
Page 2
January 13, 2017

    Please note that HRS Section 92-13 titled, "Penalties" says that "Any person who wilfully violates any provisions of this part shall be guilty of a misdemeanor, and upon conviction, may be summarily removed from the board unless otherwise provided by law."

    The Commission is aware of the concerns that have been raised by elected officials, including yourself, other councilmembers and the Mayor, about the possibility of the Commission entering into a retirement agreement with Chief Kealoha who, along with other officers of the HPD, has received a so-called "target letter" from the U. S. Department of Justice. Please be assured that the Commission is equally, if not more, concerned about those target letters, especially because of the negative reflection they create on the entire HPD.

    However, of utmost importance to the Commission is that HPD be allowed, to the extent possible in connection with this particular personnel matter, to come out from under the cloud of uncertainty and to move forward in a positive manner as quickly as possible.

    As to whether the contemplated retirement agreement requires City Council approval, it seems to me that it does not because there is no employment claim that has been made by Chief Kealoha and the primary purpose of the agreement is to effect his retirement in a way that is least disruptive to the HPD. Any decision by the Commission to enter into the agreement, should the Commission make that decision, will not solely nor primarily concern the use of city funds; rather, the primary purpose is to address the employment and retirement of Chief Kealoha, which, based on the Charter, are matters solely vested in the Commission.

    As I stated after our January 6, 2017 meeting, if the Commission and Chief Kealoha execute a retirement agreement at our meeting of January 18, 2017, the Commission intends to disclose the agreement as the Commission believes it will be a government record as to which the public interest in disclosure outweighs the privacy interest of Chief Kealoha. If that happens, I would be pleased to review the agreement with the Council, to the extent permitted by the privacy laws.

                            Sincerely,

                            MAX J. SWORD
                            Chair

MJS:ey
003

c: The Honorable Kirk Caldwell, Mayor
   Department of the Corporation Counsel