# Exhibit 22

POLICE COMMISSION
# CITY AND COUNTY OF HONOLULU
ALI'I PLACE
1060 RICHARDS STREET, SUITE 170
HONOLULU, HAWAII 96813 · AREA CODE (808) 723-7580



KIRK CALDWELL
MAYOR

MAX J. SWORD
Chair

CHA THOMPSON
Vice-Chair

LUELLA T. COSTALES
EDDIE FLORES
STEVEN H. LEVINSON
LORETTA A. SHEEHAN
MARC C. TILKER

OUR REFERENCE

January 18, 2017

**HAND DELIVERY**

Louis M. Kealoha, Chief of Police
Honolulu Police Department
c/o Kevin Sumida, Esq.
735 Bishop St., Ste 411
Honolulu, HI 96813

RE:   **RETIREMENT FROM HONOLULU POLICE DEPARTMENT EMPLOYMENT**

Dear Chief Kealoha:

This letter agreement (this "**Agreement**") confirms your voluntary retirement from employment with the Honolulu Police Department, City and County of Honolulu, by and through its Honolulu Police Commission ("**Commission**"). The Honolulu Police Department is called "**HPD**". You, the Commission, and HPD are sometimes collectively called the "**Parties.**"

1.   Retirement Date. Your last day reporting to work at HPD was December 20, 2016; however, pursuant to the letter dated January 5, 2017, to you from the Commission, you have been on leave with pay since that date. You will continue to be on leave with pay until your last day of employment with HPD on February 28, 2017 (the "**Last Day of Employment**"), and you will retire effective as of March 1, 2017 (your "**Retirement Date**").

2.   Compensation. Your total and final compensation, payments and benefits from HPD shall be as follows:

(a)   You will receive payment in the lump sum amount of $250,000.00, $190,000.00 of which shall be a severance payment and $60,000.00 of which shall be for fees, costs and expenses, less applicable taxes and deductions as required by law, payable to Louis M. Kealoha. Payment will be made within fifteen (15) days of the execution of this Agreement by the Commission and you. The payment described in this paragraph constitutes consideration for the waiver and release from you set forth in Paragraph 6 of this Agreement. Your net lump sum payment shall be delivered to the law offices of your attorney, Kevin Sumida, Esq.

FS

Louis M. Kealoha
Chief of Police
January 18, 2017
Page 2

3. <u>Employment Benefits to Which You Are Already Entitled.</u>

(a) Your group medical, dental, vision and drug insurance benefits will remain in effect through the Last Day of Employment. Thereafter, you may receive medical, dental, vision and drug insurance benefits from the Hawaii Employer-Union Health Benefits Trust Fund ("**EUTF**"), as applicable. You also will be eligible to participate in continued coverage on a self-pay basis under the Consolidated Omnibus Budget Reconciliation Act ("**COBRA**") for a period of up to 18 months if you elect coverage under COBRA. You will be provided with documentation necessary in order to apply for such continued COBRA coverage.

(b) From and after the day after the Retirement Date, you will cease to actively participate in all other benefit plans and programs available to HPD employees, except as provided in <u>Paragraph 3(a)</u> above and as otherwise provided by federal, state, and City and County of Honolulu law, statutes, ordinances, and/or regulations.

(c) You will receive pay for any and all accrued and unused vacation days covering the period ending on your Retirement Date, payable in accordance with the payroll practices of the Department of Budget and Fiscal Service, City and County of Honolulu.

(d) Accrued and unused sick leave as of the Retirement Date may be used to enhance your pension benefit pursuant to law and the requirements of the Employees' Retirement System of the State of Hawaii ("**ERS**"). You have been advised to inquire of the ERS as to the applicability of this enhancement to your pension benefit.

(e) You represent and warrant that you will not make any claim for unemployment insurance benefits.

4. <u>Other Considerations.</u>

(a) If you become a party to a lawsuit because of any alleged acts or omissions that occurred during your employment with HPD and the Commission determines that such acts or omissions were within the course and scope of your employment with HPD and/or such acts or omissions were within your official powers and duties as the Chief of Police and/or as a HPD police officer, HPD shall defend, indemnify, and hold you harmless against such lawsuit, except with respect to any claims for punitive or exemplary damages, claims provided for and/or arising from or out of this Agreement, or claims arising out of or relating to the Totto Lawsuit.

(b) You will be permitted to enter HPD premises to retrieve your personal items, documents, and records on a day and time mutually agreeable between you and HPD Acting Chief Cary Okimoto. After you have completed removing your personal effects, you will sign an acknowledgement that you have removed all of your personal items, documents, and records from HPD to document your retrieval of such items. Please contact Acting Chief Okimoto to make arrangements for you to retrieve your personal items.

KS
(2)

Louis M. Kealoha
Chief of Police
January 18, 2017
Page 3

        (c)    Your resignation shall be in "good standing," and the Commission and/or HPD shall not change the "good standing" resignation.

    5.    <u>No Other Entitlements</u>.  Other than the compensation provided for in <u>Paragraph 2</u> of this Agreement, you acknowledge and agree that you have received all entitlements due from HPD relating to your employment with HPD, including, but not limited to, all wages earned, sick pay, vacation pay, bonus awards, and any paid and unpaid personal leave for which you were eligible and entitled, and that no other entitlements are due to you other than as set forth in this Agreement.

    6.    <u>Waiver and Release by You</u>.  In consideration of the payments set forth in <u>Paragraph 2</u> of this Agreement, you agree as follows:

        (a)    To the extent permitted by law, you hereby agree to IRREVOCABLY AND UNCONDITIONALLY RELEASE, WAIVE, FOREVER DISCHARGE, AND DEFEND AND INDEMNIFY HPD, THE COMMISSION, AND RELEASEES (as that term is defined below) from and against any and all agreements, promises, liabilities, claims, demands, grievances, injuries, controversies, covenants, debts, accounts, sums of money, actions, causes of action, suits, arbitrations, attorneys' fees, costs, rights to any monetary damages or any other form of personal relief, and rights and entitlements of any kind whatsoever capable of legally being waived, in law or equity, whether known or unknown, asserted or unasserted (except as set forth below), fixed or contingent, apparent or concealed, which you, your spouse, heirs, executors, administrators, agents, representatives, successors or assigns ("**Releasors**") ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause, or thing whatsoever existing, first arising or occurring at any time on or prior to the date you execute this Agreement, including, without limitation, any and all claims arising out of or relating to your employment with HPD and/or your retirement from HPD, and any and all contract claims, benefit claims, tort claims, fraud claims, defamation, disparagement, or other personal injury claims with respect thereto, as well as claims under any federal, state or municipal discrimination or fair employment practices law, statute or regulation, and claims for costs, expenses and attorneys' fees with respect thereto.  This includes a release to the fullest extent permitted by law of all rights and claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Family and Medical Leave Act, the Pregnancy Discrimination Act of 1978, the Age Discrimination in Employment Act of 1967 ("**ADEA**"), the Americans with Disabilities Act of 1990, the Equal Pay Act of 1963, the Older Workers Benefit Protection Act of 1990, the Sarbanes-Oxley Act of 2002, the Worker Adjustment and Retraining Notification Act of 1989, the Employee Retirement Income Security Act ("**ERISA**") (including, but not limited to, claims for breach of fiduciary duty under ERISA), the Hawaii Employment Practices Law, Haw. Rev. Stat. Ch. 378, the Hawaii Civil Rights Act, Haw. Rev. Stat. Ch. 368, and the Workers' Compensation Law, Haw. Rev. Stat. Ch. 386 (together with all Hawaii Administrative Rules promulgated under any of these Hawaii chapters), as well as any amendments to such laws, and all other applicable federal, state or local statutes, regulations, ordinances, constitutional provisions or common law regarding employment, employment

Louis M. Kealoha
Chief of Police
January 18, 2017
Page 4

discrimination, termination, retaliation, or equal opportunity. All of the above referenced in this Paragraph 6(a) are collectively referred to as the "**Claims**." Notwithstanding anything to the contrary herein, specifically excluded from the scope of this paragraph are the claims that have been asserted as of January 12, 2017 in the ongoing lawsuit entitled "*Louis M. Kealoha et al. v. Charles W. Totto et al.,*" Civil No. 16-1-001166, First Circuit Court, State of Hawaii (the "**Totto Lawsuit**").

       (b)    To the extent permitted by law, HPD, the Commission, and Releasees hereby IRREVOCABLY AND UNCONDITIONALLY RELEASE, WAIVE AND FOREVER DISCHARGE you and your heirs, executors, administrators, successors or assigns from and against any and all agreements, promises, liabilities, claims, demands, grievances, injuries, controversies, covenants, debts, accounts, sums of money, actions, causes of action, suits, arbitrations, attorneys' fees, costs, rights to any monetary damages or any other form of personal relief, and rights and entitlements of any kind whatsoever capable of legally being waived, in law or equity, whether known or unknown, asserted or unasserted (except as set forth below), fixed or contingent, apparent or concealed, which HPD, the Commission, and Releasees ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause, or thing whatsoever existing, first arising or occurring at any time on or prior to the date you execute this Agreement, with respect to any and all claims arising out of or relating to your employment with HPD and/or your retirement from HPD, and any and all contract claims, benefit claims, tort claims, fraud claims, defamation, disparagement, or other personal injury claims with respect thereto, and claims under any federal, state or municipal discrimination or fair employment practices law, statute or regulation, and claims for costs, expenses and attorneys' fees with respect thereto. The foregoing in this Paragraph does not apply to any agreements, promises, liabilities, claims, demands, grievances, injuries, controversies, covenants, debts, accounts, sums of money, actions, causes of action, suits, arbitrations, attorneys' fees, costs, rights to any monetary damages or any other form of personal relief, and rights and entitlements of any kind that (1) are provided for and/or arise from or out of this Agreement, (2) as determined by the Commission, arise from or are related to acts or omissions that were not within the course and scope of your employment with HPD and/or acts or omissions that were not within your official powers and duties as the Chief of Police and/or as a HPD police officer, or (3) arise out of or relate to the Totto Lawsuit.

       (c)    For the purpose of implementing a full and complete release and discharge of the Claims, you and the Commission expressly acknowledge that this Agreement is intended to include in its effect, without limitation, all the Claims described in the preceding Paragraph 6(a) whether known or unknown, apparent or concealed, and that this Agreement contemplates the extinction of all such Claims, except as provided for in Paragraph 6(a).

       (d)    Notwithstanding the generality of the foregoing, nothing herein constitutes a release or waiver by you of: (i) any claim or right you may have under COBRA; (ii) any claim or right you may have under this Agreement; or (iii) any claim to vested benefits under the written terms of any employee retirement system or plan. Notwithstanding the generality of the

Louis M. Kealoha
Chief of Police
January 18, 2017
Page 5

foregoing, nothing herein constitutes a release or waiver by the Commission, HPD, or you of any claim or right the Commission, HPD, or you may have under this Agreement.

(e)  For purposes of this Agreement, the terms "**HPD, the Commission, and Releasees**" and "**HPD, the Commission, or Releasees**", include HPD and the City, and their respective predecessors, successors, and assigns, past, present, and future Honolulu Police Commission members, HPD and the City's respective representatives, employees, agents, and attorneys, in their official and individual capacities, and all other related individuals and entities, jointly and individually, and this Agreement shall be binding upon and inure to the benefit of, and be enforceable by and against, all such entities and individuals and their successors and assigns. Such defined terms, "HPD, the Commission, and Releasees" and "HPD, the Commission, or Releasees," shall not include those parties specifically named as defendants in the Totto Lawsuit to the extent of the claims asserted against them, but in any event shall include HPD and the Commission.

7.  No Admissions. Nothing herein shall be deemed to constitute an admission of wrongdoing by you, HPD, the Commission, or Releasees. Neither this Agreement nor any of its terms shall be used as an admission or introduced as evidence as to any issue of law or fact in any proceeding, suit or action, other than an action to enforce this Agreement.

8.  Confidentiality of HPD's Information. You hereby acknowledge your existing and continuing obligation to maintain the confidentiality of HPD's information.

9.  Return of HPD Property. By signing this Agreement, you affirm that, to the best of your knowledge and belief, you will return/have returned to HPD all of its property issued to you, including but not limited to keys, security access cards or devices, credit cards, if any, identification cards, parking access cards, if any, pagers, mobile phone devices, computers, computer software, hardware and software user's guides, instruction booklets, and any and all original and duplicate copies of files, calendars, books, records, notes, notebooks, manuals, flash drives, computer disks, diskettes and any other magnetic and other media materials, regardless of who created them, you have in your possession or under your control, belonging to HPD or containing confidential or proprietary information concerning HPD. HPD will provide you an itemized receipt for returned equipment. Furthermore, should you or HPD discover, after the date on which you have returned to HPD all such property, that you inadvertently possess any of the property described in this Paragraph, you agree to return such property to HPD immediately. HPD will provide you an itemized receipt for the HPD property and equipment you return. Please contact Acting Chief Okimoto to schedule time for you to return HPD property and to retrieve your personal items.

10.  Restrictions Relative to Post Employment. You understand and agree that you are required to comply with all the restrictions set forth under Sections 3-8.3 and 3-8.4(d)(3) of the Revised Ordinances of City and County of Honolulu 1990, as amended.



Louis M. Kealoha
Chief of Police
January 18, 2017
Page 6

11.   **Disclosure of this Agreement.** The Commission may disclose this Agreement and its contents, as may be required or permitted by law.

12.   **Disclosure Required By Law.** Nothing in this Agreement shall prohibit or restrict you, HPD, or the Commission, or our respective attorneys, from: (i) making any disclosure of relevant and necessary information or documents in any action, non-confidential investigation, or proceeding relating to this Agreement, or as required by law or legal process; or (ii) participating, cooperating, or testifying in any action, non-confidential investigation, or proceeding with, or providing information to, any governmental agency or legislative body; provided that, to the extent permitted by law, upon receipt of any subpoena, court order or other legal process compelling the disclosure of any such information or documents, the disclosing party gives prompt written notice to the other party so as to permit such other party to protect such party's interests in confidentiality to the fullest extent possible.

13.   **Amendments.** This Agreement may only be modified by a written agreement signed by both Parties.

14.   **Governing Law.** This Agreement shall be subject to and governed by and interpreted in accordance with the laws of the State of Hawaii without regard to conflicts of law principles.

15.   **No Party Deemed Drafter.** The Parties agree that no party to this Agreement shall be claimed or deemed to be the drafter of this Agreement should any dispute arise over its interpretation.

16.   **No Assignment.** This Agreement shall be binding upon you and your executors, administrators, spouse, heirs, agents, legal representatives, successors, and assigns, and upon HPD and its Commission members, successors, assigns, agents, and legal representatives. This Agreement and its rights and obligations cannot be assigned by either party.

17.   **Repayment.** Notwithstanding any other provision in this Agreement to the contrary, in the event that, within seven (7) years following execution of the Agreement, you are convicted of, plead guilty to, or plead nolo contendere to any felony under State or Federal law, which conviction or plea relates to or arises from or in connection with, your employment with the HPD, or arises from an event or events that occurred during the time you were employed with HPD, you must repay to HPD the entire amount you received under Paragraph 2(a) of this Agreement within sixty (60) calendar days of the date on which such conviction is affirmed by the last court of appeal and/or you have exhausted your rights to appeal such conviction.

18.   **Approval of Commission.** This Agreement is subject to the approval of the Commission at a duly called meeting. If and when the Commission approves this Agreement, the Commission Chair, on behalf of the Commission, and you will sign this Agreement in the space provided below, whereupon this Agreement shall be effective and binding on the Parties, subject to the Revocation Period, as set forth below.



Louis M. Kealoha
Chief of Police
January 18, 2017
Page 7

    19.    <u>Entire Agreement</u>. The terms contained in this Agreement constitute the entire agreement between the Parties with respect to the subject matter hereof and supersede all prior negotiations, representations or agreements, whether written or oral, except that any agreements concerning confidentiality shall remain in full force and effect in accordance with their terms.

    20.    <u>Revocation</u>. If this Agreement conforms to your understanding and is acceptable to you, please indicate your agreement by signing and dating the Agreement, and returning it to me within twenty-one (21) days after the date you receive this Agreement. If you deliver the executed Agreement to me prior to the expiration of the twenty-one (21) day period required by the ADEA, you warrant that you expressly waive your right under the ADEA to consider the Agreement for twenty-one (21) days. You are permitted to revoke this Agreement at any time during the period of seven (7) calendar days following its execution (the "**Revocation Period**") by delivering to me a written notice of revocation. This Agreement will not be effective or enforceable unless and until the seven (7) calendar day Revocation Period has expired without your having exercised your right of revocation. In the event you fail to execute and return this Agreement on a timely basis, this Agreement will be of no force or effect, and neither you nor HPD and/or the Commission will have any rights or obligations hereunder.

    21.    <u>Acknowledgment</u>. This Agreement is a legal document. You acknowledge that you have consulted with an attorney prior to signing this Agreement. By signing this Agreement, you acknowledge that you are competent, that you were afforded a reasonable period of at least twenty-one (21) days to review and consider this Agreement with your attorney, or you have knowingly and voluntarily chosen not to do so, that you have read and understand and accept this Agreement as fully and finally resolving, waiving and releasing any and all rights and claims that you may have against HPD, the Commission, and Releasees (as defined above), including without limitation any and all claims under the Age Discrimination in Employment Act, as amended, that no promises, representations or inducements have been made to you except as set forth in this Agreement and that you have signed this Agreement and release freely and voluntarily, intending to be legally bound by its terms.

    If the terms as set forth above accurately state our agreement, including the separation, waiver and release, kindly sign below and return this original Agreement to me by no later than twenty-one (21) days after your receive this Agreement. I will sign it and return a copy to you.

    We appreciate your service to HPD, and we wish you the best.

                      Sincerely yours,

                      HONOLULU POLICE COMMISSION

                      By _____
                      MAX J. SWORD, CHAIR



Louis M. Kealoha
Chief of Police
January 18, 2017
Page 8

BY SIGNING ABOVE, I, MAX SWORD, AFFIRM THAT THE TERMS AND CONDITIONS SET FORTH IN THIS LETTER AGREEMENT HAVE BEEN APPROVED BY THE HONOLULU POLICE COMMISSION OF THE CITY AND COUNTY OF HONOLULU AT A DULY CALLED MEETING ON JANUARY 18, 2017.

I UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS SET FORTH IN THIS LETTER AGREEMENT:

_____   DATE: 011817
Louis M. Kealoha

APPROVED:

_____
Kevin Sumida, Attorney for Louis M. Kealoha

APPROVED AS TO FORM AND LEGALITY:

_____
Duane W.H. Pang
Deputy Corporation Counsel